UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80019-CIV-MARRA/JOHNSON

CHARLOTTE TAYLOR,

    Plaintiff,
    and Defendant-in-Counterclaim,

v.

GREENPOINT MORTGAGE CORP.,

    Defendant,
    and Plaintiff-in-Counterclaim,

v.

MICHAEL M. PHILLIPS and CITY OF
LAKE WORTH, ET AL.,

    Cross Appellant/Counter/Cross-Defendant(s).
_____/

**ORDER AND OPINION REMANDING CASE TO STATE COURT**

**THIS CAUSE** is before the Court sua sponte.

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases." Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. See Shamrock Oil & Gas Corp. v. Sheets,

1

313 U.S. 100, 108-09 (1941).  Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).

The Court has reviewed the Notice of Removal and its accompanying documents.  It is apparent from a review of these documents that the present case involves an action to quiet title in the courts of the State of Florida.  See DE 1.  It is clear from a review of the removal documents that this state court proceeding is not one subject to removal under 28 U.S.C. §§ 1331, 1441, or 1443 (all of which are named by Plaintiff in her Notice of Removal).

The removal documents do not demonstrate that the proceeding is subject to removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, as asserted by Plaintiff.  See Notice of Removal, ¶ 3.  In order to be able to remove a case to federal court based upon a federal question, a substantial federal question must be presented "on the face of the complaint."  Hill v. BellSouth Telecommunications, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004).  The federal question cannot be raised by way of a defense asserted in the answer or raised in the petition for removal.  Gully v. First National Bank, 299 U.S. 109, 113 (1936).

There is no valid legal basis for removal of this case to federal court.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

2. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

3. All pending motions are hereby **DENIED**, without prejudice, as moot; and

4. **This case is CLOSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of January, 2010.

                                          KENNETH A. MARRA
                                          United States District Judge

copies to:
All counsel of record